United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Raziel Ofer, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-20849-Civ-Scola |
| | ) | |
| Laurel Isicoff, Defendant. | ) | |

### Order Denying Motions for Emergency Hearing and Injunction

    This matter is before the Court upon Plaintiff Raziel Ofer's motion for emergency hearing (Mot. for Emerg. Hearing, ECF No. 11) and motion for injunction (Mot. for Inj., ECF No. 12). The Plaintiff seeks an evidentiary hearing and injunctive relief against the Defendant. (ECF Nos. 11, 12.) Because the Plaintiff's motion is deficient for multiple reasons, discussed below, the Court **denies** the motions, albeit **without prejudice**. (**ECF Nos. 11, 12**.)

    The motions fail to comply with the requirements of the Southern District of Florida Local Rules in several ways. First, they fail to meet the requirements for an emergency motion under Local Rule 7.1(d)(1). The motions do not establish the date by which a ruling is necessary or the reason why a ruling is necessary by such date. S.D. Fla. L.R. 7.1(d)(1). Second, the Plaintiff has failed to confer with the Defendant (or to reasonably attempt to confer) regarding the requested relief, as required under Local Rule 7.1(a)(3). The Plaintiff is required to, at a minimum, at least attempt to reasonably confer with the Defendant's counsel and certify as to the details of those attempts to confer in the motions. S.D. Fla. L.R. 7.1(a)(3). Although the Plaintiff is proceeding pro se, and the Court will extend some leniency to pro se parties, the Plaintiff has made no effort whatsoever to comply with the Local Rules. Further, the Court has previously directed the Plaintiff comply with the Local Rules in all filings. (Order Providing Instr. to Pro Se Litigant, ECF No. 6.) And the Court directed the Plaintiff to the Local Rules in that order. (*Id.* at 1 n.1.)

    The Court also observes that the Plaintiff has not complied with the terms of that order: the Plaintiff provides no certification of service of his emergency motion on the Defendant's counsel. (*Id.* ¶ 3.) The Plaintiff is cautioned that Future violations of the Court's orders may result in sanctions, up to and including the striking of a party's pleadings or dismissal of this case. *Cf. Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011) ("Rule 16(f) authorizes a court to impose sanctions, including dismissal under Rule 37(b)(2)(A)(v), if a party fails to obey a pretrial order.").

     Finally, the Court observes that there is currently no operative complaint in this matter. On March 7, 2023, the Court struck the Plaintiff's complaint as a shotgun pleading, with leave to amend. (Order Striking Compl., ECF No. 7.) The Plaintiff's deadline to amend his complaint, should he choose to do so, is **March 20, 2023**. (*Id.*) Unless the Plaintiff amends (and serves) his complaint, the Court may not grant the affirmative relief that the Plaintiff seeks in his motions. *See Maldonado v. Jacksonville Sheriff's Off., Dep't of Corr.*, No. 3:18-CV-357-J-20JBT, 2018 WL 11251755, at *1 (M.D. Fla. July 26, 2018) ("Without an underlying complaint served in this action, the Court is unable to entertain a preliminary injunction motion.").

     For the reasons stated above, the Court **denies** the Plaintiff's motion for emergency hearing and motion for an injunction, albeit **without prejudice**. (**ECF Nos. 11, 12**.) The Plaintiff must comply with the requirements of the Local Rules and the Court's orders in the filing of any future motion and must file an amended complaint before filing any motions for affirmative relief, should he choose to do so.

     **Done and ordered**, at Miami, Florida, on March 15, 2023.

                                                Robert N. Scola, Jr.
                                                United States District Judge

*Copy via U.S. mail to*:
Raziel Ofer
942 Pennsylvania Ave.
Miami Beach, FL 33139