United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Raziel Ofer, Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 23-20849-Civ-Scola |
| | ) |
| Laurel Isicoff, Defendant. | ) |

### Order Dismissing Amended Complaint as Shotgun Pleading

This matter is before the Court upon an independent review of the record. The Plaintiff brings his amended complaint pro se against Judge Laurel Isicoff, the Chief Judge of the United States Bankruptcy Court for the Southern District of Florida. (Am. Compl., ECF No. 14.) The Plaintiff filed his amended complaint following the Court's prior order striking the Plaintiff's initial complaint as a shotgun pleading. (Order, ECF No. 7.) Having reviewed the Plaintiff's complaint, the record, and the relevant legal authorities, the Court now **dismisses** the amended complaint because it is a shotgun pleading and because the Plaintiff failed to comply with the pleading requirements that the Court explained in its previous order. (**ECF No. 14**.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). As the Court observed in its previous order, the Eleventh Circuit has identified four general categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The amended complaint once again fits the second and third types: it "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and it also "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322-23.

The Plaintiff's amended complaint (just like the original complaint) consists of thirteen paragraphs of allegations, yet appears to assert at least four claims for relief, none of which are separated into distinct counts or causes of action: the Plaintiff claims, alternately, to be seeking damages for conspiracy, for a claim that appears to be a claim for defamation or malicious prosecution (although the Court cannot be sure which), for theft, and for

"breach of civil rights." (Am. Compl. at 1-2, ¶¶ 1, 3, 7, 10-12.) And, once again, the Plaintiff inserts extraneous information not seemingly related to his claims for relief. (*Id.* ¶¶ 4-5.) Finally, the Plaintiff still appears to base his complaint on allegations relating to his ongoing bankruptcy, but he does not identify whether this matter is an appeal from that bankruptcy action or merely related to it. The Court previously instructed the Plaintiff on each of these deficiencies, but the Plaintiff instead chose to refile his original complaint, with only minimal alterations, save for the removal of the roughly 100 pages of exhibits attached to the original complaint. (Order at 1.)

In other words, the Plaintiff has ignored the instructions in the Court's prior order striking the original complaint. (*Id.*) Based on the Plaintiff's refusal to address the deficiencies identified in the Court's prior order and the once-again incomprehensible nature of the amended complaint, the Court now dismisses the Plaintiff's complaint as a shotgun pleading. *Foreman v. City of Fort Lauderdale*, No. 22-61846-CIV, 2022 WL 16540180, at *2-3 (S.D. Fla. Oct. 28, 2022) (Ruiz, J.) (sua sponte dismissing amended complaint as a shotgun pleading where pro se plaintiff failed to comply with the court's prior order requiring the plaintiff to amend the original complaint to comply with the Federal Rules of Civil Procedure's pleading requirements).

For the reasons stated above, the Court **dismisses** the Plaintiff's complaint as a shotgun pleading, albeit **without prejudice**. (**ECF No. 14**.) The Clerk is directed to **close** this case.

**Done and ordered**, at Miami, Florida, on March 21, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:
Raziel Ofer
942 Pennsylvania Ave.
Miami Beach, FL 33139